**Kurvir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72870.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul H. Rochmes, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Kurvir Singh is a native and citizen of India. Singh petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We grant the petition and remand.

Substantial evidence does not support the IJ's adverse credibility determination. *See Bandari v. INS*, 227 F.3d 1160, 1165–66 (9th Cir.2000). The IJ's adverse credibility findings were based upon impermissible speculation, *see id.* at 1166–67, and minor inconsistencies that do not go to the heart of Singh's claim, *see Chebchoub.* at 1043. Also, the IJ's demeanor finding that Singh was "very quiet" and had "little or no fervor" and thus would not give Indian police a reason to believe that he was involved with terrorists is not relevant to Singh's claim.

Therefore, we grant the petition and remand for further proceedings to deter-

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

mine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal and CAT relief. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED AND REMANDED.**